**STATE of Missouri, Respondent,**

**v.**

**Paul A. CARTER, Appellant.**

**No. 51696.**

Supreme Court of Missouri,
Division No. 2.

Feb. 14, 1966.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

Paul A. Carter, appellant pro se.

STOCKARD, Commissioner.

Defendant has appealed from the order of the trial court, entered without a hearing, denying his motion filed pursuant to Criminal Rule 27.26, V.A.M.R.

The transcript shows that on January 20, 1963, defendant entered a plea of guilty to the charge of obtaining property by use of a check drawn on a bank in which he knew he had no funds, and he was sentenced to imprisonment for a term of three years.

The Attorney General has filed a motion to dismiss the appeal as moot, and has attached thereto a certified copy of an order by the Governor commuting the challenged sentence to a term ending September 4, 1965. The file indicates that defendant has thereafter been held in confinement pursuant to a sentence for a separate and different offense, and the validity of that sentence is not challenged in this proceeding.

The relief authorized by Criminal Rule 27.26 is limited to a "prisoner in custody under sentence" who (1) claims a right to be *released* from the custody imposed by reason of that sentence, or (2) who claims to have a right to have the sentence *reduced* on the ground that the sentence was in excess of the maximum authorized by law. State v. Brookshire, Mo., 377 S.W.2d 291. Defendant is not and has not since September 4, 1965, been in custody by reason of the sentence he seeks to challenge in this proceeding. By his motion he challenges the validity of the sentence and seeks to be released from the custody imposed pursuant thereto, but he has now received from the executive branch of the state everything he could receive by resorting to Criminal Rule 27.26. In this factual situation, we held in State v. Brookshire, supra, that an appeal from an order denying a motion filed pursuant to Criminal Rule 27.26 was moot after the prisoner had been unconditionally released from the custody imposed pursuant to the challenged sentence.

In this case when the motion to dismiss the appeal was served on defend-

ant, he requested that this court consider the merits of his challenge of the validity of the three-year sentence, and while he did not specifically express his request as we state it, the substance was that we should now consider the motion which was filed pursuant to Criminal Rule 27.26 as an application for a writ of error coram nobis. Such a request was not made in the Brookshire case. In State v. Sodulski, Mo., 298 S.W.2d 420, 424, this court held that a motion by a defendant in which he seeks relief from what he asserts to be an invalid sentence is not to be determined by the name given to it, but rather upon the facts alleged and the relief sought, and that "a writ of error coram nobis is available to attack a judgment of conviction, even after the sentence thereunder has been served." It was further held that the availability of the writ of error coram nobis to challenge the validity of a sentence already served should be limited "for the cause or causes specified in Rule 27.26 and provided further that the trial court shall first examine the motion and the files and records in the case and refuse the writ (the hearing) in those cases where, from such examination, it appears that petitioner is entitled to no relief." It appears that in this case the basis for the requested relief is for a cause specified in Criminal Rule 27.26, the trial court has examined the application for relief (whether it be denominated a motion filed pursuant to Criminal Rule 27.26 or an application for a writ of error coram nobis), and from its examination of the application and the files and records the trial court has found that defendant is not entitled to relief. On this appeal we shall consider the allegations in the motion as though contained in an application for a writ of error coram nobis, and upon the record before us determine whether the defendant is entitled to a hearing on that application.

Defendant alleged that he "was tried and sentenced without benefit of counsel," and that "he was forced (by threats of long imprisonment) to deny his right to counsel and enter a plea of guilty." He further alleged that the prosecuting attorney informed him that two "other charges" would be filed against him if he "failed to cooperate," that "the total amount of all three charges would amount to approximately twenty years in confinement, but if the petitioner cooperated, the prosecutor would file only one of the charges and recommend only three years."

Criminal Rule 29.01 provides that in every criminal prosecution in any court of this state the accused shall have the right to appear and defend the same in person and by counsel, but, "If, after being informed as to his rights, the defendant indicates his desire to proceed without the benefit of counsel, and the court finds that he has intelligently waived his right to have counsel, the court shall have no duty to appoint counsel unless it appears to the court that, because of the gravity of the offense charged and other circumstances affecting the defendant, the failure to appoint counsel may result in injustice to the defendant."

The record on this appeal shows that when defendant appeared before the trial court on June 20, 1963, he stated that he was 33 years of age and previously had been convicted or had pleaded guilty of two offenses; as stated by the defendant, "Once for bad checks and once for stolen property across the state line." The trial court explained the charge against defendant, stated that it was a felony, and told the defendant the authorized punishment. The record also shows the following:

> "[The Court]: Now, you are entitled to have a trial on this charge if you want it, which would include a trial by jury, where the jury would decide whether you are innocent or guilty, and fix the punishment if they find you guilty. A trial by jury is often helpful to persons charged with a crime such as this, and if you want

to have a trial by jury you would be allowed all the time you need to prepare for it. You are also entitled to the services of an attorney to advise with you and represent you before you take any action in this case. You are not required to take any action today. The services of any [an?] attorney are often helpful to persons charged with a crime such as this. If you have no attorney and are unable to employ one, the Court will appoint an attorney for you if you want one. Now do you understand all that, Mr. Carter?

"A. Yes, sir.

"Q. Do you have an attorney?

"A. No, sir.

"Q. Do you want an attorney?

"A. No, sir.

"Q. Do you want to have a trial on this charge?

"A. No, sir.

"Q. Do you know now what you want to do in connection with it or do you need time to think about it?

"A. I understand that.

"Q. What do you want to do?

"A. I will plead guilty.

"Q. You want to plead guilty at this time?

"A. Yes."

The assistant prosecuting attorney, when asked for comments, stated that he recommended "a sentence in the penitentiary of three years." The court then asked the defendant: "Anything you want to say about it, Mr. Carter, anything that hasn't been mentioned or anything different to what has been said?" The defendant replied, "No, sir." Later, the court again asked the defendant if there was "anything else you want to say," and the defend-

ant volunteered the statement that "I believe there's a warrant for me in Illinois." The court then announced that "the judgment and sentence of the court is that you be confined in custody of the department of correction for a term of three years." In the judgment entered of record, there is the express recital that "after interrogating the defendant the court finds that the defendant is mentally capable and sufficiently informed to decide his need for counsel," and that "failure to appoint counsel will not work injustice to the defendant."

Since no hearing was held in the trial court we will assume for the purpose of this appeal that defendant's allegation that the prosecuting attorney told him that if he would "cooperate" only the one charge would be filed against him instead of three separate charges. However, we note that defendant does not allege that he was thereby induced to plead guilty when he was in fact not guilty, and he does not allege that the prosecuting attorney would not have been justified in filing the other two charges against him. In fact, when he was being questioned by the trial court he was asked, "Did you write some other checks that had no money in the bank to cover them also?" and the defendant replied, "Yes, sir, I did," and "I believe three, sir."

■ A defendant may waive his right to counsel and enter a plea of guilty when he does so with an intelligent understanding of his act. State v. Glenn, Mo., 317 S.W.2d 403; State v. McDonald, Mo., 343 S.W.2d 68. Defendant does not allege facts which bring into issue his mental ability to understand what was going on, and he does not allege facts from which it could be found that the prosecuting attorney acted wrongfully in that he would have not been justified in filing two other charges against him. The allegations do not support a claim of misrepresentation as to possible punishment, or entrapment, or that the recommendation was not carried out. The

contention of defendant, when reduced to its basic substance, is that he entered a plea of guilty to a charge pursuant to an understanding that the prosecuting attorney would recommend a sentence of three years and would not file charges against him for two other offenses which he had a right to do. The question before us is, if this is true, whether this results in the sentence and judgment entered pursuant to such plea being void as a denial of due process of law.

■ "It is true, of course, that a sentence rendered upon a truly coerced plea of guilty is subject to collateral attack * * *." Watts v. United States, 107 U.S. App.D.C. 367, 278 F.2d 247. In such cases the plea is involuntary because it represents a "choice" made by the defendant which was brought about by improper inducements or through ignorance on his part of his rights.

It might be said that every plea of guilty is entered pursuant to a form of "coercion," depending upon the definition assigned to that word. In every case the defendant is entitled to plead not guilty and place upon the state the burden of proving (and convincing a jury) that he is guilty of the offense charged beyond a reasonable doubt. The defendant is faced with the choice (some might call it a dilemma) of entering a plea of guilty and taking his chances with the court as to punishment or risking a trial of the cause before a jury. Yet when the defendant is capable of understanding the situation before him and does understand it, the judgment entered pursuant to such plea of guilty certainly is not subject to collateral attack. There was no coercion or duress in the sense of being wrongful.

In State v. Freedman, Mo., 282 S.W.2d 576, the defendant contended that his plea of guilty was entered under duress and coercion because the prosecuting attorney advised him that if they went to trial he would be charged under the habitual criminal act. At that time, when a defendant was so charged, the jury determined whether a defendant had previously been convicted, and if so, the statute required the imposition of the "longest term prescribed" for the offense for which he was on trial when the authorized punishment was imprisonment for "a limited term of years." Section 556.280 RSMo 1949 (now repealed). This court held: "While the record clearly shows that appellant was confronted with the dilemma of either entering a plea of guilty or being tried upon the charge in question before a jury, the record wholly fails to show that such alleged duress was such as would nullify the judgment and sentence entered by the court upon the plea of guilty. The compulsion under which appellant acted was neither unlawful, nor exercised for an unlawful purpose. Appellant exercised his own volition and choice with a full knowledge of the facts in entering a plea of guilty and taking his chances with the court as to punishment, rather than risking a trial of the cause before a jury."

The case most comparable on the facts is Kent v. United States, 1 Cir., 272 F.2d 795. There the defendant sought to challenge a plea of guilty on the grounds that it was induced by coercion in that the prosecuting officials told the defendant that if trial was had, others who were friends of his would be brought to trial. That court held: "We are not prepared to say that it can be coercion to inform a defendant that someone close to him who is guilty of a crime will be brought to book if he does not plead. If a defendant elects to sacrifice himself for such motives, that is his choice, and he cannot reverse it after he is dissatisfied with his sentence, or with other subsequent developments. Cf. Brown v. United States, 5 Cir., 1953, 204 F.2d 298, 300–301, certiorari denied 1954, 346 U.S. 925, 74 S.Ct. 314, 98 L.Ed. 418. Indeed, a contrary ruling would mean that a defendant could equally say that he pleaded guilty to save himself. It is certainly not duress, if the promise is kept, for the government to say it will

recommend a lighter sentence if a defendant pleads than it might recommend if he is convicted after trial. Yet, obviously, 'fear' of the greater sentence may induce a plea. Petitioner must show that he was subjected to threats or promises of illegitimate action. Statements that other guilty parties will be prosecuted if he does not plead are not of that description."

■ As previously noted, defendant does not allege facts from which it could be found that he was told he would be charged with offenses he did not commit or that he was induced to plead guilty to an offense he did not commit. Neither does he allege facts from which it could be found that the prosecuting attorney deceived or misled him or advised him wrongfully. Defendant was 33 years of age, and had two previous convictions; one similar to the one charged against him and apparently the other was a federal offense. He was not young and inexperienced in court procedure. The trial judge advised him fully of his right to counsel, offered to appoint one, and offered to give him additional time to consider his course of action. Defendant argued his appeal pro se before this court, and by his answers to the trial court and his appearance before this court it is beyond question that he is reasonably intelligent and capable of understanding his rights under the circumstances with which he was faced. Twice the trial court asked him if he had anything to relate other than what had previously been said and twice he said he did not. We conclude that the brief allegations to the effect that he was "forced" to waive counsel and enter a plea of guilty are refuted conclusively by the files and records before the trial court for its consideration, and which we consider on our review, and that the order denying relief was properly entered without a hearing.

■ At the oral argument before this court defendant mentioned several matters outside of and beyond the scope of the allegations in his motion. We, of course, as an appellate court rule only on the matters presented to the trial court. However, we shall mention one matter because it goes to the sufficiency of the judgment.

Criminal Rule 27.11, V.A.M.R., provides that "Whenever a judgment upon a conviction shall be rendered in any court, the clerk of such court shall enter such judgment and sentence thereon fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment or sentence."

The judgment entered of record in this case is in the usual form except that in "stating briefly the offense for which such conviction shall have been had," the reference was to an offense entitled "no funds." This, of course, was not a compliance with the above rule, and it may reasonably be assumed that there also was no compliance with that part of the rule which requires the court to inspect the entry and conform it to the facts.

■ The rule requires no more in the formal entry of judgment than that the offense be described "briefly." State v. Harrison, Mo., 276 S.W.2d 222, certiorari denied 349 U.S. 948, 75 S.Ct. 877, 99 L.Ed. 1273. In addition, the *omission* of this duty, that is the failure to describe the offense at all, shall "in nowise affect or impair the validity of the judgment or sentence." In State v. Hendrix, Mo., 310 S.W.2d 852, the "entry of the judgment and sentence [did] not state in accordance with Rule 27.11 the offense for which the conviction was had; * * *." It was expressly held that the judgment was sufficient. It appears that in the pending case a "corrected" judgment was entered at some subsequent date. Whether such a correction can be made with no notice to the defendant, and the transcript shows

none, is a matter we need not and do not now rule. We go no further than to state that although there was a failure to comply strictly with Criminal Rule 27.11, the judgment is not void.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

EAGER, P. J., and FINCH and HYDE, JJ., concur.

STORCKMAN, J., not sitting.