Carl McFADDEN, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 20351.

United States Court of Appeals,
Eighth Circuit.

March 4, 1971.

Carl McFadden, pro se.

Daniel Bartlett, Jr., U. S. Atty., and James H. Gordon, Asst. U. S. Atty., St. Louis, Mo., on brief for respondent.

Before GIBSON and BRIGHT, Circuit Judges, and McMANUS, District Judge.

GIBSON, Circuit Judge.

This is an appeal from the denial of a writ of error coram nobis under 28 U.S.C. § 1651 (All-Writs Section) to vacate the petitioner's 1957 narcotics convictions. Petitioner Carl McFadden was convicted in 1957 of three violations each of 21 U.S.C. § 174 and 26 U.S.C. § 4705(a) and given six concurrent five-year sentences. No appeal was taken. McFadden served these sentences and was released from custody over eight years ago.

In 1966 he was convicted on two counts of violating 26 U.S.C. § 4704(a) and two counts of violating 26 U.S.C. § 4705(a). He was sentenced by Chief Judge Roy W. Harper, United States District Court for the Eastern District of Missouri, to ten years imprisonment on each count with two counts to run concurrently and two to run consecutively for a total sentence of twenty years. These convictions were affirmed on appeal. 372 F.2d 598 (8th Cir.), cert. denied, Kibby v. United States, 387 U.S. 931, 87 S.Ct. 2055, 18 L.Ed.2d 993 (1967). Subsequently, McFadden has filed two motions under 28 U.S.C. § 2255 to vacate these 1966 convictions. Both motions were denied and his appeals from these denials were dismissed as legally frivolous by this Court. Order No. 19944 (8th Cir. 1970); McFadden v. United States, 436 F.2d 1384 (8th Cir. 1971).

In his present motion McFadden contends that he had ineffective assistance of counsel following his 1957 trial and convictions. He claims that his retained counsel failed to inform him of his right

to appeal in forma pauperis, and as a result he did not appeal. He further asserts that he is presently suffering adverse consequences from not having had these 1957 convictions reversed on appeal, because he is presently serving enhanced sentences imposed on him as a second offender following his 1966 convictions.

Since the petitioner is in custody but is challenging the 1957 convictions which he has already served, he has made the appropriate motion under United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (a 5–4 decision approving use of coram nobis when attacking a criminal conviction where the sentence had been served). Judge James H. Meredith, now Chief Judge, properly considered McFadden's motion as a motion in the nature of a writ of error coram nobis, and concisely summarized the law pertinent to McFadden's substantive claim in his memorandum opinion:

"The petitioner could have taken an appeal as a matter of right. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L.Ed.2d 21 (1962). Although the right to appeal in forma pauperis under 28 U.S.C. § 1915 is not absolute, an indigent must be afforded counsel on appeal whenever he challenges a certification that the appeal is not taken in good faith. Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957). Where the only appeal a defendant has as a matter of right is involved, it is unconstitutional to make exercise of that right depend upon his ability to retain counsel, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811 (1963); Smith v. Crouse, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed. 2d 1039 (1964). Failure to advise a defendant of his appeal rights or to file an appeal after being requested to do same can be characterized as ineffective assistance of counsel, Williams v. United States, 402 F.2d 548 (8th Cir. 1968)." 312 F.Supp. 820, 821 (E.D.Mo. 1970).

The Court pointed out that "[i]f this were a motion to vacate sentence under 28 U.S.C. § 2255, the proper remedy in a case such as this would be to vacate [petitioner's] sentence, resentence him, and let the appeal process begin to run from the date of the resentencing; Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); Williams v. United States, [402 F.2d 548 (8th Cir. 1968)]." Id. However, since petitioner was seeking the extraordinary remedy of coram nobis, the District Court concluded that petitioner's motion should be denied because he failed to allege any errors in his trial calling for a reversal of his convictions on appeal. The Court further relied upon the fact that although a report was filed at the time of sentencing which described McFadden as a person with a prior conviction, Judge Harper made no mention of the fact that McFadden was a second offender and the ten-year sentence imposed on each count was within the maximum sentence available for first offenders. The Court noted that even if petitioner were successful on an appeal from the 1957 convictions, he could still receive the same sentences on his 1966 heroin convictions alone.

Petitioner relies heavily on Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), in which defense counsel failed to perfect an appeal though requested to do so by the defendant. The Supreme Court held it was error to reject an indigent petitioner's § 2255 application because of his failure to specify the points he would raise were his right to appeal reinstated. The Court specifically found invalid a Ninth Circuit rule requiring a defendant who claims that he has been deprived of his right of appeal to disclose the errors to be claimed on appeal and to show that denial of an appeal had caused prejudice. McFadden contends the Rodriquez reasoning is equally applicable to his pro se writ of error coram nobis. He acknowledges that the right to appeal in forma pauperis is not an absolute right, that one must allege

grounds for appeal which are not frivolous before one can proceed. However, he posits that he need only show in his writ of error coram nobis that he has been unlawfully denied his right to an appeal and only when he actually tries to appeal in forma pauperis is it necessary to set forth his grounds with the assistance of appointed counsel.

The Government primarily relies on the reasoning articulated by the District Court in denying McFadden's motion but also points out that McFadden has not complied with the requirement set forth in United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247 (1954), that petitioner must show sound reasons for failing to seek appropriate earlier relief before his motion in the nature of the extraordinary writ of coram nobis must be heard by the district court.

*Morgan* is of course the landmark case. There the petitioner, who had completed a sentence for a federal crime, was convicted of a state crime and given an enhanced term as a second offender because of his prior federal conviction. He then attacked the federal conviction for lack of counsel. The Supreme Court held that relief under § 2255 and under Rule 35 was not available, but that the district court had power to grant relief "in the nature of a writ of error coram nobis" under 28 U.S.C. § 1651. However, the Court stressed that "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." 346 U.S. at 511, 74 S.Ct. at 252.

In construing *Morgan,* this Court has held that "error coram nobis relief should not be granted except under compelling circumstances" and that the writ was designed only to correct errors of the most fundamental character. Gajewski v. United States, 368 F.2d 533,

534 (8th Cir. 1966), cert. denied, 386 U.S. 913, 87 S.Ct. 865, 17 L.Ed.2d 786 (1967). We denied the writ in *Gajewski,* but granted the writ in Deckard v. United States, 381 F.2d 77 (8th Cir. 1967), upon a proper showing of a basis for relief and a showing of outstanding adverse legal consequences from the conviction. The latter showing was necessary to give the federal district court jurisdiction of an application in the nature of coram nobis. United States v. National Plastikwear Fashions, Inc., 368 F.2d 845, 846 (2d Cir. 1966), cert. denied, Greene v. United States, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967). The constitutional error in *Deckard* was fundamental, there were compelling circumstances to grant relief in order to achieve justice, *and these errors and circumstances were articulated by the petitioner in his application for the writ.*

We conclude petitioner's claim that he was denied his right to appeal does not present an error of the most fundamental character since his petition does not set forth a single ground calling for a reversal of his 1957 convictions. Petitioner has also failed to show that he is suffering outstanding adverse legal consequences from these convictions. There is substantial doubt that even a successful appeal of McFadden's 1957 convictions would redound to his benefit, since his 1966 sentences were within the permissible limits of sentencing him as either a first or second offender and any loss of civil rights flowing from the 1957 convictions now flow with equal force from the 1966 convictions. Finally, McFadden has failed to state sound reasons for not seeking appropriate earlier relief. Kiger v. United States, 315 F.2d 778, 779 (7th Cir.), cert. denied, 375 U.S. 924, 84 S.Ct. 270, 11 L.Ed.2d 166 (1963).

Judgment affirmed.