Bobby POWELL, Appellant,

v.

STATE of Missouri, Respondent.

No. 57009.

Supreme Court of Missouri,
En Banc.

June 19, 1973.

Roberts & Roberts, by Raymond R. Roberts, Farmington, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal (filed prior to January 1, 1972) from denial of relief on application for writ of coram nobis to set aside sentences on pleas of guilty for burglary in the second degree and stealing property of the value of at least $50.00.

Bobby Powell filed an application for Writ of Error Coram Nobis in the St. Francois County Circuit Court, alleging that on January 10, 1967, sentences, which he had served, had been imposed upon him

by that court of two years' imprisonment for burglary and stealing and that the imposition of such sentences was contrary to the laws of the State of Missouri and the Constitution of the United States. His first ground of attack was that he was denied the assistance of counsel. The petition alleges:

"In this case, at no time was appellant represented by counsel, at the time of his arrest and incarceration he was indigent, and completely uneducated in the science of criminal law. It cannot be said that this applicant intelligently waived his right to have counsel appointed by the Court."

The second ground was that he did not enter his pleas "with full understanding of the nature of the charges contrary to Missouri Supreme Court Rule 25.04." The petition states:

"The applicant contends that the transcript of proceedings in the trial court on January 10, 1967, will not demonstrate a substantial compliance with Supreme Court Rule 25.04.

\*     \*     \*     \*     \*     \*

"It cannot be assumed that the applicant herein knowingly and intelligently waived his Constitutional Rights by entering his plea of guilty in this case, several Federal Constitutional Rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal proceeding, first is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second is the right to trial by jury and, third, is the right to confront one's accusers.

"As stated above, how could this applicant, completely uneducated in the field of criminal law, intelligently and knowingly, (without counsel) waive these rights guaranteed to every person accused of crime?"

Powell subsequently filed a motion for the appointment of counsel and for a sten-ographic transcript of the sentencing proceedings, alleging indigency.

Without acting on the last mentioned motion, the trial court entered judgment denying the application for the writ. The finding and conclusion of the court were:

"Finding of Fact

"A. As to Count I of Applicant's Petition, the Court finds that the Applicant intelligently and voluntarily refused the assistance of counsel, that the Applicant prior to the sentence in question had been before the courts on numerous occasions; that the Applicant was twenty-two years of age; nor does the record support a claim of misrepresentation as to possible punishment or entrapment.

"B. As to Count II, the Court finds that the Applicant's plea was voluntary and that he understood the nature of the charges against him and that his plea of guilty to said charges was free of any coercive influences.

"Conclusions of Law

"A. As to Count I of Applicant's Petition in which Applicant alleges that he was denied the assistance of counsel, the Court finds that Applicant's Petition is clearly contrary to Laster v. State, 461 S.W.2d 839, 840 (Mo.1971).

"B. As to both Count I and Count II of Applicant's Petition, the Court finds that the Applicant did not allege facts in his Petition from which it could be found that the actions by the Court, or the failure of the Court to act induced the Applicant to plead guilty to an offense he did not commit, nor does Applicant's application allege facts from which it could be found that his waiver of counsel caused the Applicant to plead guilty to an offense he did not commit. State v. Carter, 399 S.W.2d 74 (Mo. 1966)."

After entering judgment, the trial court sustained the movant's motion to proceed

as a poor person and appointed counsel to represent the movant. Notice of appeal to this court was filed.

Appellant here contends that the trial court erred in failing to hold a hearing on the allegations of his motion and in failing to appoint counsel until after ruling on the motion.

■ On the latter point, a proceeding in the nature of writ of error coram nobis is a civil procedure, even though it seeks relief from a criminal judgment. 18 Am. Jur.2d Coram Nobis, § 2, p. 451. The applicant is not entitled as of right to the appointment of counsel on the grounds of indigency. State v. Herron, Mo.Sup., 376 S. W.2d 192, 196[5].

■ As for the failure to hold a hearing, "coram nobis is an extraordinary remedy and is available 'only under circumstances compelling such action to achieve justice' * * *." Stewart v. United States, 446 F.2d 42, 43[2] (8th Cir., 1971). The petition for such relief should articulate the fundamental nature of a constitutional infringement, relied upon as a basis for relief, and the circumstances which compel the granting of relief in order to achieve justice. McFadden v. United States, 439 F.2d 285, 287 (8th Cir., 1971).

The record of the sentencing on the pleas of guilty which the trial court had before it controverts the charge of denial of right to counsel. The trial court at the sentencing was told by the appellant that he was twenty-two years of age and the court stated:

"THE COURT: Twenty-two. You have discussed your cases here with the Prosecuting Attorney, and, I assume, with your Father. You know you are entitled to be represented by a lawyer if you want one, you understand that?

"A. Yes, sir.

"THE COURT: Are you agreeable to waiving having a lawyer represent you?

"A. Yes, sir.

■ Appellant's application for relief does not allege that this waiver was not voluntary and knowing. It states that appellant was "completely uneducated in the science of the criminal law. It cannot be said that this applicant intelligently waived his right to have counsel appointed by the Court." In view of the applicant's acknowledged prior experiences with the criminal process and the trial court's familiarity with such experiences, the trial court was not obliged to consider the averment of the petition as an allegation that the waiver was not voluntary and knowing. On the record before it and the allegations of the motion, the trial court was not required to conduct a hearing on the denial of counsel allegation.

■ In the absence of compliance with Supreme Court Rule 25.04, V.A.M.R., at the time the pleas were taken, even if the record does not show adequate compliance with the requirements of that rule, something more than a rhetorical question is required to supply the basis for a claim of deprivation of fundamental constitutional rights.

On the allegations before it, the trial court did not err in denying the application for a writ of error coram nobis and did not err in failing to hold a hearing on the application.

■■ There is a further basis on which the trial court's action might be sustained. Although some cases in this court appear to view coram nobis as a writ of right, to be issued on the basis of allegations similar to those required in a proceeding under Supreme Court Rule 27.26, V.A.M.R., the extraordinary nature of the remedy (United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248) precludes its use as a matter of right and routine. Federal courts have required that a defendant who seeks to set aside a judgment of conviction after having served his sentence demonstrate that "he is suffering from present ad-

verse consequences in order to be entitled to [coram nobis]." Stewart v. United States, supra. No reason for the application here appears. The record having shown that applicant has at least one prior federal criminal conviction, there is no basis for assuming that the convictions here involved visit adverse consequences upon the applicant, attributable solely to these convictions. The applicant should allege and show that some beneficial consequences would flow from the relief sought. Stewart v. United States, supra; McFadden v. United States, 439 F.2d 285, 287 (8th Cir., 1971). Nothing is here alleged as to the consequences of the relief sought.

Judgment affirmed.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court en Banc.

FINCH, C. J., DONNELLY, MORGAN, HOLMAN, BARDGETT, and HENLEY, JJ., concur; SEILER, J., dissents in separate dissenting opinion filed.

SEILER, Judge (dissenting).

I respectfully dissent. As I understand it, a case may be reopened to show that a fundamental constitutional right was denied defendant. If the defendant is serving the sentence, the remedy is under rule 27.26; if the sentence has been completed, his remedy is by coram nobis.

Since in both instances the defendant is claiming he was deprived of a constitutional right, I see no sound reason for providing counsel as a matter of course for an indigent under rule 27.26, but not doing so for an indigent under coram nobis. I do not understand State v. Herron, (Mo.Sup.) 376 S.W.2d 192, cited in the majority opinion to hold otherwise. As I read it, it was a case under rule 27.26 where the defendant was still under sentence, not coram nobis, and it was decided in 1964, prior to the amendment to rule 27.26 whereby appointment of counsel for indigents was provided for.

It is true that under the record, defendant answered in the affirmative to two leading questions put by the court as to knowing he was entitled to a lawyer. I do not think it follows at all from these answers that he was fully aware of his right to counsel or that he voluntarily and understandingly waived his right to counsel.

We are all aware of the danger of leading questions, ones which "put the answer into the mouth of the witness and require merely a monosyllabic assent", Wigmore on Evidence, 3rd Ed., Vol. III, Sec. 769. It would be more convincing if the defendant were asked to state his understanding of what his right to counsel is and then see what he says. Maybe he would prove to have a correct understanding and maybe not.

Nor do I believe we can equate the fact of previous convictions with awareness of one's rights. A history of prior convictions does not in my opinion indicate astuteness in any respect. In this case, defendant has made it clear he is claiming he was denied assistance of counsel. The scanty record related in the majority opinion does not convincingly show otherwise.

Defendant's application is not skillfully drawn, but we should remember he is proceeding pro se. We provide a form for 27.26 petitions, but none for coram nobis. I suspect a good many judges, as well as lawyers, are uncertain just how to proceed in coram nobis without first resorting to legal research. How then can we expect a prisoner to handle it pro se?

Mention is made in the trial court's findings that defendant did not plead guilty to an offense he did not commit. It has been held repeatedly that a 27.26 case does not turn on whether or not defendant is in fact guilty or innocent and the same is logically true with respect to coram nobis. The question is as to whether defendant's con-

 

stitutional rights have been infringed. This, I respectfully submit, has not been determined one way or the other in this case.

I would remand this for appointment of counsel for amendment of the application and for such proceedings in the trial court as are then indicated, using the principles of rule 27.26 as a guideline.