Eddie Douglas **UMFRESS**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 9610.

Missouri Court of Appeals, Springfield District.

July 8, 1974.

Philip M. Moomaw, Public Defender, Dan L. Birdsong Asst. Public Defender, Rolla, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Spec. Asst.

Atty. Gen., St. Louis, Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

On a form substantially in compliance with that appended to Rule 27.26, V.A.M.R., movant on April 27, 1971, filed in the Circuit Court of Pulaski County a motion to vacate a nine-year sentence for first degree robbery which had been imposed January 18, 1963, upon a plea of guilty. The motion was dismissed October 12, 1971, without evidentiary hearing "for the reason that petitioner admits in said motion . . . that said sentence has expired and has been served in it's [sic] entirety." Movant appealed to the Supreme Court, which reversed and remanded with directions to regard the matter "as a Writ of Error Coram Nobis [and] to grant an evidentiary hearing on said motion and make appropriate findings and decision in regard thereto." This was done. Movant now appeals from the second dismissal of the motion.[1]

At the time of the November 13, 1972, evidentiary hearing on the motion, movant was in custody under a life sentence for murder in the second degree committed while he was an inmate in the Missouri State Penitentiary. State v. Umfrees, 433 S.W.2d 284 (Mo.banc 1968). In addition to agreeing that he had completed the sentence which was the subject of the motion, movant acknowledged that he had a prior felony conviction for armed robbery and had served his sentence therefor

in the Illinois State Penitentiary before pleading guilty and being sentenced on January 18, 1963, by the Circuit Court of Pulaski County for first degree robbery.[2] For the purpose of our review it suffices to note that neither movant's motion, the evidence adduced most favorable to him at the hearing, nor his brief on appeal hold the slightest soupcon that the sentence here involved visited any adverse consequences upon movant solely attributable to his January 18, 1963, plea of guilty to the charge of first degree robbery. Since movant did not plead or demonstrate that he is presently suffering adversely by reason of the sentence from which he has now served, the trial court was justified on that ground alone in denying the relief sought. Powell v. State, 495 S.W.2d 633, 635–636 [6] (Mo. banc 1973); Tyler v. State, 496 S.W.2d 793, 794 (Mo.1973); Howard v. State, 493 S.W.2d 14, 21–25 (Mo.App.1973). Although we agree with the reasons given by the court nisi in denying the motion, we are not obliged to carry this opinion into prolixity by detailing or deciding the correctness vel non of the trial court's reasons. Our concern upon appeal is not to judge of the accuracy of those reasons, but to simply determine if a correct result was reached. State ex rel. Pope v. Lisle, 469 S.W.2d 841, 842 [1] (Mo.App.1971). Having found that denial and dismissal of the motion was the proper finis, the judgment is affirmed.

HOGAN, C. J., STONE and BILLINGS, JJ., and JAMES R. REINHARD, Special Judge, concur.

---

1. Movant has been represented by court appointed counsel in all phases of this case; he has been allowed all appeals as a poor person and has been provided with gratuitous transcripts on appeal.

2. Movant did not allude to other legal proceedings involving him as evidenced by Umfress v. Swenson, 336 F.Supp. 320 (W.D.Mo. 1971).