Alphonso Denny DAVIS, Appellant,

v.

STATE of Missouri, Respondent.

No. 35094.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Jan. 14, 1975.

William G. Bruns, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

Appellant Alphonso Denny Davis appeals from an order of the Circuit Court of the City of St. Louis, Missouri, dismissing a motion filed to vacate judgment and sentence entered by the Circuit Court in 1954 pursuant to Rule 27.26, V.A.M.R. We affirm.

Appellant's motion was filed on September 10, 1971, the offenses challenged were one count of carrying a concealed weapon and three separate counts of first-degree robbery. The Circuit Court of the City of St. Louis on pleas of guilty imposed sentence on April 22, 1954; appellant was sentenced to concurrent terms of two, ten, ten, and ten years on each count respectively. Appellant neither appealed from the judgment of conviction nor filed any motion to vacate the judgment under Rule 27.26, prior to the motion filed herein.

On March 22, 1961, appellant was discharged from the sentence imposed by the Circuit Court of St. Louis pursuant to a commutation of sentence granted by the late John M. Dalton, Governor of the State of Missouri.

On June 4, 1956, appellant pled guilty to four new charges, including rape, first-degree robbery, jail breaking, and grand larceny and the Circuit Court of Cooper

County, Missouri, sentenced him to concurrent terms of ninety-nine, ninety-nine, two and ten years respectively in the custody of the Department of Corrections.

In this posture of the case, the Assistant Circuit Attorney for the City of St. Louis, Missouri, filed a motion to dismiss appellant's 27.26 motion. After having found that appellant had been unconditionally discharged on March 22, 1961, by a commutation of sentences, as to the sentence imposed on April 22, 1954, the court found further that (1) appellant was currently in prison under sentences and judgments from the Circuit Court of Cooper County, Missouri, for a total of ninety-nine (99) years, and (2) appellant was not a prisoner in custody under any sentence imposed by the Circuit Court of St. Louis City. Therefore, it sustained the state's motion to dismiss.

■ At the threshold, we hold that the trial court did not commit error in denying, without a hearing, appellant's motion under Rule 27.26, V.A.M.R., because appellant neither was detained nor held in custody under the sentences that he sought to vacate. In Noble v. State of Missouri, 485 S.W.2d 33 (Mo.1972), our Supreme Court held that the relief afforded a movant under Rule 27.26 is limited to a prisoner in custody under sentence claiming a right to be released from the custody imposed because of that sentence. Here, appellant has been unconditionally released from the sentences he now seeks to vacate; consequently the trial court, pursuant to Rule 27.26, had no jurisdiction to entertain his motion. See also Peterson v. State, 476 S. W.2d 608 (Mo.1972) and Howard v. State, 493 S.W.2d 14 (Mo.App.1973).

In recognition of the inherent infirmity of his position under Rule 27.26, appellant urges that the court should have disregarded the appellation assigned to it and treated it as a writ of error coram nobis, State v. Carter, 399 S.W.2d 74 (Mo.1966).

To support his position, appellant relies upon the language in United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954), wherein the court states: "Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected. As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to attempt to show that this conviction was invalid." However, the Morgan case placed a restriction on the use of the writ of error coram nobis as a means for continuation of litigation, to-wit: it ". . . should be allowed . . . only under circumstances compelling such action to achieve justice." Ib. 511, 74 S.Ct. 252. Our Supreme Court in the Peterson case, supra, also recognizes that a writ of error coram nobis is available to attack a judgment of conviction even after the sentence thereunder has been served. But, not unlike the United States Supreme Court, our courts, too, hold that coram nobis relief should not be granted except under compelling circumstances, to correct errors of the most fundamental character, Howard v. State of Missouri, supra.

■ In our case we find no compelling circumstances to constrain us to treat appellant's 27.26 motion as a writ of error coram nobis. Not one single fact is alleged that makes appellant's case different from any other case. Nor do we find any beneficial consequences would flow to appellant if we granted to him the relief sought. In this regard the ninety-nine year sentence imposed upon him in 1956, and which sentence appellant is currently serving, is within the permissible limits of sentencing him as either a first or second offender and any loss of civil rights from the 1954 conviction, now being challenged, would likewise flow with equal force from the 1956 convictions. Consequently, we hold that appellant's motion failed to allege the necessary facts, on its face, either to enti-

tle him to relief under Rule 27.26 or to relief under a writ of error coram nobis; therefore, the trial court erred neither in denying him a hearing on his Rule 27.26 motion nor in granting the state's motion to dismiss.

Judgment affirmed.

SIMEONE, P. J., and GUNN, J., concur.