**Garland Loy COOK, Defendant-Appellant,**

**v.**

**STATE of Missouri, Plaintiff-Respondent.**

**No. 37158.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 19, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Nov. 12, 1976.

Application to Transfer Denied
Dec. 13, 1976.

Robert C. Babione, Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Judge.

The issue in this case concerns whether the trial court erred in denying appellant's 27.26 motion to vacate judgment and sentence without an evidentiary hearing. We have concluded there was no error and accordingly affirm the judgment below.

Appellant Garland Cook was charged with murder in the second degree but was convicted by a jury of manslaughter and sentenced to 10 years imprisonment under the Second Offender Act. § 556.280, RSMo 1969. Appellant is presently serving this sentence. We affirmed this conviction on appeal. *State v. Cook*, 512 S.W.2d 907 (Mo. App.1974).

On April 18, 1975, appellant filed a motion styled "Motion Under Rule 27.26; Suit for Writ of Error Coram Nobis." Therein he attacked the legality of a 1960 conviction for burglary and stealing. He was discharged from this conviction in 1966 after having served his sentence. Appellant's motion stated that it was improper to use this prior conviction "to enhance punishment" for his subsequent conviction. Primarily he claimed that the 1960 conviction could not now stand because he was denied effective assistance of counsel at that time.

On April 22, 1975, the trial judge denied the motion stating that he considered the writ of error coram nobis to be a motion under Rule 27.26. The trial judge further stated, "the matters contained in movant's motion regarding inadequacy of counsel are without foundation," and ruled that no evidentiary hearing was necessary.

On appeal appellant no longer pursues the coram nobis theory but relies on Rule 27.26 instead. This change in theory very likely results from the fact that the trial judge equated a writ of coram nobis with a motion under Rule 27.26.

We believe that under the facts this motion should be treated as an application for writ of error coram nobis. Our Supreme Court has ruled that relief under Rule 27.26 "is limited to a prisoner in custody under sentence who claims a right to be released from the custody imposed by reason of that sentence." *Noble v. State*, 485 S.W.2d 33, 35[1] (Mo.1972). The trial court had no jurisdiction to entertain a 27.26 motion in respect to a conviction for which movant was not then in custody. *Davis v. State*, 518 S.W.2d 467, 468[1] (Mo.App. 1975); *Howard v. State*, 493 S.W.2d 14, 20[12] (Mo.App.1973).

A writ of coram nobis, in contrast to a motion under Rule 27.26, is available to attack a judgment of conviction after the sentence thereunder has been served, *Peterson v. State*, 476 S.W.2d 608, 610 (Mo.1972); *Stoner v. State*, 507 S.W.2d 80, 81[1] (Mo. App.1974). A court is to look at the facts alleged and relief sought rather than the name given to an action. *State v. Carter*, 399 S.W.2d 74, 76[1] (Mo.1966). We shall consider the allegations in the motion as an application for a writ of error coram nobis.

Coram nobis relief is extraordinary in nature, *Powell v. State*, 495 S.W.2d 633, 635[5] (Mo. banc 1973) and should not be granted except under compelling circumstances, to correct fundamental errors. *Davis v. State, supra* at 468.

Before the writ of coram nobis will issue, a movant must demonstrate two elements: (1) that some error of fact not apparent on the record was unknown to movant and could not through reasonable diligence have been discovered by him in time to have been presented to the court, *Howard v. State, supra*, at 20[13]; and (2) that he will receive some benefit from the relief sought. *Powell v. State*, 495 S.W.2d 633, 635–36 (Mo. banc 1973); *McCormick v. State*, 523 S.W.2d 854, 855 (Mo.App.1975).

Appellant did not allege either of these in his motion. Regarding the second requirement, we note that the ten year sentence for manslaughter he is now serving is within the permissible range of pun-

ishment for a first or second offender, RSMo 559.140. There is no reason to conclude that his 1973 sentence was "enhanced" by his 1960 conviction. "Since movant did not plead or demonstrate that he is presently suffering adversely by reason of the sentence from which he has now served [sic], the trial court was justified *on that ground alone* in denying the relief sought." *Umfress v. State*, 512 S.W.2d 178, 179[1] (Mo.App.1974) (emphasis supplied).

■ Appellant did not fulfill the other requirement either. In his point relied on he claims his guilty plea in 1960 was involuntary because his counsel was ineffective. Appellant alleges that his counsel (1) failed to adequately prepare and investigate the defense, (2) did not inform appellant of the range of punishment for the offenses charged, and (3) employed coercion and duress to elicit a guilty plea from appellant. Nowhere does appellant allege that these facts were unknown to him at time of the trial and could not have become known through reasonable diligence.

■ The fourth point in support of appellant's argument states that appellant was not represented by counsel at the time sentence was imposed for the prior felony conviction. This allegation does not appear in appellant's motion for post conviction relief and he is precluded from raising it on appeal. *Shubert v. State*, 518 S.W.2d 326, 328[1] (Mo.App.1975).

■ The application for a writ of coram nobis was properly denied by the trial court because appellant's motion fails to allege on its face the essential facts entitling him to relief. For the same reason, no evidentiary hearing is required. *Hogshooter v. State*, 514 S.W.2d 109, 113[1] (Mo.App.1974); *Howard v. State*, 493 S.W.2d 14[17] (Mo. App.1973).

■ The court is also influenced by the lack of timeliness of appellant's motion. He waited 17 years after his plea of guilty to attack his conviction, after serving the entire sentence. As we said in a case where there was a 9½ year delay, "the fact that defendant waited so long to file a motion

causes us to question the truth of his testimony. If he had been coerced by [his attorney] into pleading guilty against his will . . . he would have sought to redress that alleged wrong long before he did . . . . [W]e think the time lapse in filing a motion is a relevant factor to be considered in determining the merits." *Skaggs v. State*, 476 S.W.2d 524, 528–29[7] (Mo.1972). *See also Flood v. State*, 476 S.W.2d 529, 534[4] (Mo.1972); *Deckard v. State*, 492 S.W.2d 400, 402–403 (Mo.App. 1973).

The judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.