Bruce Ray WILBORN, Movant-Appellant,

v.

STATE of Missouri, Respondent
(two cases).

Nos. 38748 and 39071.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 29, 1977.

Motion for Rehearing and/or Transfer
Denied Jan. 18, 1978.

Application to Transfer Denied
March 13, 1978.

Thomas L. Kelly, Ballwin, for movant-appellant in No. 38748. Robert C. Babione, Public Defender, Edward J. Bippen, Jr., Asst. Public Defender, St. Louis, for appellant in No. 39071.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, and Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Pros. Atty., James R. Hartenbach, Clayton, for respondent in Nos. 38748 and 39071.

SMITH, Judge.

Bruce Ray Wilborn has appealed from adverse rulings on post-conviction motions by two different circuit courts. Since the two cases involve the same legal questions, we have consolidated them for disposition in this opinion.

In the City of St. Louis Wilborn filed a writ of coram nobis attacking convictions against him entered in 1954, 1957, and 1960. This attack was on the basis that he was not represented by counsel when he entered his pleas of guilty to the charges. These convictions, Wilborn contends, were used to enhance his punishment and to attack his credibility in a trial in 1973, in which he was convicted of robbery and sentenced by the court under the second offender act to 30 years imprisonment. The trial court, after evidentiary hearing, found that the court records of the guilty pleas clearly showed that Wilborn had counsel on each occasion. This finding is fully supported by the record.

In the County of St. Louis, Wilborn filed a motion pursuant to Rule 27.26 seeking to set aside the 1973 conviction because of the alleged use of the 1954, 1957 and 1960 convictions to attack his credibility and to enhance his punishment. This mo-

tion was denied without evidentiary hearing.

We affirm the actions of both courts.

In addition to the factual determination by the City Circuit Court which is supported by the record, both motions fail for an additional reason. The record of movant's 1973 trial reflects that the convictions used to invoke the second offender act were three convictions occurring in 1965 and 1967. The convictions in 1954, 1957 and 1960 were not used to invoke the second offender act and during sentencing the trial court made very clear it was enhancing the sentence solely upon the 1965 and 1967 convictions. There was no "enhancement" because of the earlier convictions challenged here. Defendant testified to the 1954, 1957 and 1960 convictions during his direct examination in the 1973 trial. They were not, therefore, brought into the case for impeachment purposes. That they were again referred to on cross-examination is of no consequence since the matter was first called to the jury's attention by movant.

A writ of coram nobis requires proof that movant is currently suffering from adverse circumstances as a result of the prior convictions. *Powell v. State*, 495 S.W.2d 633 (Mo. banc 1973). There is no such proof here. The record of movant's 1973 conviction refutes conclusively that he is entitled to Rule 27.26 relief on the basis set forth in his motion.

Both judgments are affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.