James Douglas **DIXON**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. WD 30866.

Missouri Court of Appeals,
Western District.

Feb. 4, 1980.

R. M. Gifford, Green City, for appellant.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

James Dixon filed a motion under Rule 27.26 following a conviction for the sale of a controlled substance. That conviction was affirmed in *State v. Dixon*, 546 S.W.2d 774 (Mo.App.1977). The trial court entered findings of fact and conclusions of law in denying the motion.

Dixon appeals and contends the trial court erred in denying relief because he was denied a fair trial by reason of the assistant prosecutor having represented Dixon's wife on the same charge. Reversed and remanded.

Dixon was sentenced on November 10, 1975, to a term of five years. Dixon's motion purported to be filed under Rule 27.26. It stated his place of detention as "Department of Corrections of State of Missouri with sentence implemented at Medium Security Prison, Moberly, Missouri." This motion was filed in August, 1978. At the hearing on the motion Dixon testified he had been released by the Department of Corrections on March 23, 1978.

The trial court in its findings found that Dixon had been released from custody and the motion should be treated as an application for writ of coram nobis because Dixon was no longer in custody.

In his testimony on the motion, Dixon simply testified he had been "released" but did not specify whether he had been placed on parole or whether his sentence had been commuted. It is apparent from the date of sentence that he did not complete his sentence, even under the three-fourths rule. Thus, there is no evidence from which either the trial court or this court can determine whether or not Dixon is still in custody. Of course, if he is on parole he is still in custody under the holding in *Nicholson v. State*, 524 S.W.2d 106 (Mo. banc 1975). On the other hand, if he were released pursuant to a commutation of sentence he is not in custody and may not avail himself of the remedy afforded by Rule 27.26. *Kyseth v. State*, 563 S.W.2d 171 (Mo.App.1978). If Dixon's sentence was commuted and he is no longer in custody, the trial court would have no jurisdiction to entertain a motion under Rule 27.26, but Dixon could seek relief by writ of coram nobis. *Cook v. State*, 543 S.W.2d 309, 311[1] [2, 3] (Mo.App.1976).

It is impossible to review the court's judgment without evidence to determine whether or not Dixon was in custody at the time the judgment was entered. As pointed out in *Cook* at page 311[5], Dixon must demonstrate a different fact basis for relief under coram nobis than would be required under Rule 27.26. For this reason it is not a matter of mere semantics whether the proper remedy is Rule 27.26 or coram nobis but a matter of substantive law.

Dixon undoubtedly can supply the proof necessary to determine whether the motion should be considered under Rule 27.26 or coram nobis. For that reason, the judgment will be reversed and the cause remanded for the court to hear additional evidence to determine whether Dixon is in custody. *Thomas v. State*, 516 S.W.2d 761, 768[4] (Mo.App.1974).

All concur.