Harold Count JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 42493.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 14, 1981.

Frank J. Kaveney, Clayton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

PUDLOWSKI, Judge.

Appellant was convicted by a jury for carrying a concealed weapon in violation of § 564.610 RSMo 1969 and sentenced under the Second Offender Act § 556.280 RSMo 1969 to five years imprisonment. His conviction was affirmed on direct appeal. *State v. Johnson*, 566 S.W.2d 510 (Mo.App. 1978). On June 12, 1978, appellant filed a pro se motion pursuant to Rule 27.26 and amended the motion on November 20, 1979. A hearing on appellant's motion was held on November 23, 1979 before Judge Herbert Lasky. At the hearing, appellant testified that his sentence for carrying a concealed weapon was completed on November 9, 1979 and he was at that time serving a sentence for a conviction unrelated to the matter before this court. Judge Lasky held that the allegations and issues raised by appellant in the 27.26 motion could and should have been raised at the time of trial, on his motion for new trial, or on direct appeal and could not be raised in a 27.26 motion.

Rule 27.26 is a post-conviction remedy available to only those persons who are serving the sentence they seek to challenge. *State v. Quinn*, 594 S.W.2d 599 (Mo. banc 1980). If the plaintiff is not in custody for the judgment to be set aside, then the trial court is without jurisdiction to entertain a 27.26 motion to vacate the previously served sentence. *Foster v. State*, 590 S.W.2d 912, 913 note 1 (Mo. banc 1979). Unlike Rule 27.26, a writ coram nobis is the appropriate remedy to attack the judgment of a conviction that has already been served. *Cook v. State*, 543 S.W.2d 309 (Mo. App.1976). "A court is to look at the facts alleged rather than the name given to the action." *Cook, supra*, 311. Since the appellant is no longer in custody for the challenged sentence, this court will consider the allegations in the motion as an application for the writ of error coram nobis.

The writ of error coram nobis is an extraordinary remedy to be used when no other method exists for reviewing, correcting, or vacating a judgment. *Powell v. State*, 495 S.W.2d 633, 635 (Mo. banc 1973); *Schoenhals v. Pahler*, 257 S.W.2d 662 (Mo. 1953); *Cook, supra*, 311. This remedy is

designed to correct errors of fact extrinsic to the record which were unknown at the time of trial to the court and to the party seeking relief and could not have become known to him through reasonable diligence. *Cook, supra,* 311. *Howard v. State,* 495 S.W.2d 120 (Mo.App.1973). The errors of fact must bear upon the validity of the proceeding and "be such as to affect the power and the right of the court to render the particular judgment—facts which, if known, would have prevented its rendition." *City of St. Louis v. Franklin Bank,* 351 Mo. 688, 173 S.W.2d 837, 846 (Mo.1947).

In order to be entitled to this remedy appellant must allege that he is suffering adversely from the conviction, *Powell, supra,* 636–6, and will benefit from the relief sought. *Cook, supra,* 311. Nothing in the pleadings of the 27.26 motion or in the record alleges that any adverse consequences will befall upon appellant as a result of the sentence he has now served, nor is there any indication that he would benefit from the issuance of the writ. The record of the 27.26 hearing reveals that appellant has several criminal convictions, one for carrying a concealed weapon. There is no basis for assuming that the appellant will suffer adversely from the conviction at issue. *Powell, supra,* 633, 636. The failure to plead or demonstrate adversity from a previously served sentence is a sufficient ground in itself for the trial court to deny the relief sought. *Umfress v. State,* 512 S.W.2d 178, 179 (Mo.App.1974).

Appellant fails to allege any essential fact that would entitle him to relief. Appellant asserts four grounds that the trial court erred in denying his 27.26 motion: (1) the court in the original trial failed to admonish the jury at the end of the first recess as required by MAI–CR 1.08(a); (2) appellant is exempt from prosecution under § 564.610 RSMo (1969) since he was traveling peacefully through the state; (3) § 564.-610 RSMo (1969) is unconstitutional because it provides an arbitrary and capricious exemption to persons traveling in a continuous journey peaceably through the state; (4) § 564.610 RSMo 1969 is unconstitutional

because of a vague and indefinite classification of shotguns.

Appellant argues that he was denied a fair trial because the court failed to give a mandatory instruction admonishing the jury. Rule 28.03. However, any alleged error in failing to comply with Rule 28.03 must be reviewed under Rule 29.12(b), the plain error rule. *State v. Rollie,* 585 S.W.2d 78, 84 (Mo.App.1979). The plain error rule limits review to those cases in which the record establishes that the trial court's failure and misdirection in instructing the jury on the law has caused manifest injustice. *Rollie, supra,* 89. Appellant did not demonstrate the prejudicial effect of the nonfeasance; therefore, the court's failure to give MAI–CR 1.08 was not plain error.

Appellant next contends that he is exempt from prosecution under § 564.610 RSMo 1969 because he was peaceably traveling through the state at the time of the arrest. Nowhere does the appellant allege that this fact was unknown to him or could not have become known through the use of reasonable diligence in time to have been presented to the court. *Cook, supra,* 312.

In challenging the constitutionality of the statutory construction of § 564.-610 RSMo 1969, appellant raises issues that should have been brought up in the appeal of his original trial. *McCrary v. State,* 529 S.W.2d 467, 471 (Mo.App.1973). The writ of error coram nobis is not a substitute for a second appeal, but will only issue for *errors of fact* (emphasis added) that were unknown to appellant or could not have been known through reasonable diligence. *Howard, supra,* 21; *Schoenhals, supra,* 664. Appellant fails to present any fact that would call for the issuance of the writ.

Although improperly treating the appellant's motion for post-conviction relief as falling within the purview of Rule 27.26, the trial court reached the correct result. "Our concern on appeal is not to judge the accuracy of those reasons, but to simply determine if a correct result was reached." *Umfress v. State,* 512 S.W.2d 178, 179 (Mo. App.1974).

The writ of error coram nobis is an extraordinary remedy not to be used as a matter of right or routine. *Howard, supra,* 21. Appellant has failed to allege the essential facts entitling him to relief.

The judgment is affirmed.

CRIST, P. J., and REINHARD, and SNYDER, JJ., concur.