**STATE of Missouri, Respondent,**

v.

**Lloyd ADAMS, Appellant.**

**No. KCD 28577.**

Missouri Court of Appeals, Kansas City District.

May 2, 1977.

Motion for Rehearing and/or Transfer Denied June 1, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

Lloyd Adams was convicted of carrying a concealed weapon under § 564.610, RSMo 1969, and sentenced to imprisonment for two years.

On this appeal Adams makes the singular assertion the court erred in overruling his pre-trial motion to suppress the physical evidence of the gun. Affirmed.

Adams was stopped by a security guard at the Wayne Miner Housing Project because he was wanted for questioning by the Kansas City Police Department. After Adams was stopped, the guard performed a pat down search which revealed a loaded .38 caliber revolver in Adams' belt under a coat and sweater.

A pre-trial motion to suppress evidence of the gun was filed and the evidence heard. The court overruled the motion. At the trial the State had the gun marked as an exhibit and offered the same into evidence. When the gun was offered into evidence, Adams' counsel stated, "I have no objection."

This court considered the question presented here in *State v. Hunter,* 530 S.W.2d 432 (Mo.App.1975). In that case this court recognized the rule in this state which requires an objection when evidence which was the subject of a motion to suppress is presented at trial. This court held the statement of "no objection" not only violated such rule, but constituted an express waiver of the contention made in the motion to suppress.

Because of the express waiver by counsel in stating he had no objection when the State offered into evidence the gun taken from Adams, the contentions made in the motion to suppress the gun as evidence have been waived.

The judgment is affirmed.

All concur.