**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Paul K. SHEARIN, Defendant-Appellant.**

**No. 41567.**

Missouri Court of Appeals, Eastern District, Division Three.

July 14, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Gary P. Kramer, Hillsboro, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a judgment convicting appellant of carrying a concealed weapon, in violation of § 564.610, RSMo 1969. Appellant was found guilty by a jury. The trial court sentenced him to a term of four years' imprisonment, suspended the sentence, and placed him on probation for five years.

In his single point relied on appellant contends that the trial court erred in denying a motion to suppress evidence of a .38-caliber revolver obtained in a search of his automobile which appellant claims was conducted without probable cause or other lawful authority. The point has no merit.

The judgment is affirmed.

█ An appellate court, in reviewing a criminal conviction, considers as true the evidence most favorable to the state and all favorable inferences stemming from the evidence. Evidence and inferences to the contrary are disregarded. *State v. Clark*, 596 S.W.2d 747, 749[1–4] (Mo.App.1980); *State v. Longmeyer*, 566 S.W.2d 496, 499[1–8] (Mo.App.1978). The evidence will be recited with these principles in mind.

On March 8, 1978, at approximately 9:30 p. m., Patrolman Becker of the St. Louis County Police Department was dispatched to the Paddock Hills Apartments to investigate a complaint of a "violent OBS",[1] a female, armed with a gun, who had broken a patio door at the apartment complex. The complainant reported that the person causing the trouble was driving a 1978 Firebird.

Upon arrival at the scene Officer Becker talked with the complainant who told the officer that she believed the suspect to be the ex-wife of the man the complainant was staying with. At that point complainant pointed to a white, two-door sports car, a 1978 Firebird, she believed the ex-wife was driving. Officer Becker pursued and stopped the Firebird at the intersection of Highway 367 and Parker Road, St. Louis County, and ordered three male occupants

---

1. "OBS" stands for an observation case indicating some type of mental disorder.

out of the automobile. Appellant exited from the driver's side, and as all three occupants moved to the rear of the Firebird, a backup patrol car arrived. Officer Becker requested the two backup officers to stand by while he returned to the apartment complex to gather further information on the suspect's identity.

Officer Klekamp began to frisk the appellant while Officer Carter began searching the passenger side of the vehicle for weapons. A second backup patrol car arrived and two additional officers assisted in frisking the other two occupants and directing traffic.

Officer Klekamp found five .38-special cartridges in appellant's shirt pocket and told Officer Carter that he had found the cartridges just as Officer Carter was entering the automobile to search it for weapons. Officer Carter found a .38-caliber revolver pushed down between the driver's bucket seat and the center console between the two front bucket seats of the Firebird. He could not see the gun before he entered the car, but had to look for it with the aid of a flashlight. The weapon was pushed down three inches below the top of the console.

Was there an unreasonable search and seizure in violation of appellant's constitutional rights under Section 15, Article 1 of the Constitution of Missouri and Amendments 14, 4, 5 and 6 of the United States Constitution as alleged in appellant's motion to suppress?

The propriety of Officer Becker's initial act of stopping appellant's vehicle for an investigative inquiry is not disputed. Appellant contends, however, that given the information known to the police officers at the time of the stop, it was unreasonable: (1) to conduct a pat-down search of appellant for weapons and (2) to extend the protective search for weapons to the vehicle.

■ Under the circumstances of this case and the legitimacy of the initial stop, the police officers were justified in conducting a pat-down search of appellant to discover weapons in absence of probable cause to arrest. *Kansas City v. Butters,* 507 S.W.2d 49, 53 [2, 3] (Mo.App.1974). The police officers were summoned at night to investigate a complaint concerning a violent person who was armed with a gun. The officers stopped the exact car that the complainant identified as the suspect vehicle. Officer Klekamp and Carter did not know at the time the Firebird was stopped that the person complained of was a woman. The police officers had a reasonable basis to believe that the suspect was armed and dangerous and for their own protection were entitled to conduct a limited search for weapons. *Kansas City v. Fulton,* 533 S.W.2d 677, 679–680[3, 4] (Mo.App.1976).

■ It was also permissible to extend the protective search for weapons to the Firebird. A protective search for weapons may be extended to a limited search of the vehicle in which the suspect is riding. *United States v. Rainone,* 586 F.2d 1132, 1134–1135[1] (7th Cir. 1978). The protective search was properly extended to appellant's vehicle and limited to what was minimally necessary to uncover weapons within the immediate control and easy access of the suspect. *United States v. Rainone, supra.* The police officer confined his search to the passenger compartment of appellant's vehicle. The gun was found three inches below the console next to the driver's seat and within the ready access of appellant. The search was sufficiently limited in scope to satisfy constitutional requirements. *State v. Morgan,* 593 S.W.2d 256, 259[7, 8] (Mo. App.1980).

The trial court properly denied appellant's motion to suppress. The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.