**William Aaron PATTERSON,
Movant-Appellant,**

v.

**STATE of Missouri,
Plaintiff-Respondent.**

No. 43580.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1981.

Motion for Rehearing and/or Transfer
Denied Nov. 20, 1981.

Robert J. Thomas, Jr., St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

█ By his Rule 27.26 motion movant-appellant (hereafter defendant) claimed his trial counsel was ineffective. This, by failing to seek a ruling on his objection to the evidentiary admission of reportedly stolen jewelry.

Earlier, in a jury-waived trial the court convicted defendant of stealing the jewelry and four other offenses. The conviction was affirmed. *State v. Patterson,* 569 S.W.2d 266 (Mo.App.1976).

At trial police had identified four pieces of jewelry taken from defendant's coat when arrested. The victim and two others also identified the jewelry. When the state offered the jewelry in evidence defense counsel asked and the court agreed to reserve its ruling on the exhibit being admitted. So, trial counsel did object, and we consider defendant's present complaint of ineffective counsel to be counsel's failure to again request the trial court to rule on the admissibility of the stolen jewelry.

That might now have merit if, but only if, the challenged evidence was inadmissible. Neither defendant's motion nor his brief cite case or argument why the exhibit was not admissible.

█ Defendant now cites only one case, *Fitzpatrick v. State,* 578 S.W.2d 339 (Mo. App.1979). It holds trial counsel's failure to object to admission of evidence warrants post-conviction relief only if that failure deprives defendant of a fair trial. There, Rule 27.26 relief was denied because the charge of ineffective counsel did not show a serious dereliction materially affecting defendant's rights, and be so grave as to have obviously resulted in a miscarriage of justice. *Fitzpatrick* does not help defendant;

it refutes his contention the belatedly challenged evidence resulted in a miscarriage of justice.

Affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.