Lloyd ADAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 35371.

Missouri Court of Appeals,
Western District.

Sept. 11, 1984.

Joseph H. Locascio and Mimi Droll, Sp. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and BERREY, JJ.

LOWENSTEIN, Judge.

The most important matter in the appeal of this Rule 27.26 case is that of jurisdiction. The unique question presented here is whether a Missouri court may entertain a 27.26 motion from a prisoner incarcerated under consecutive Missouri sentences who claims that a sentence that he is scheduled to serve but has not commenced to serve is invalid because of deprivation of rights guaranteed by the federal or state constitutions. The claim here is ineffective assistance of counsel. The problem hinges on what is meant by the following language in the first paragraph of Rule 27.26 relating to when such a suit may be brought: "a prisoner *in custody under sentence ...* claiming a right to be released on the ground that *such sentence* was imposed ...." (Emphasis added.)

The movant, Lloyd Adams was leaving a housing project in Kansas City when he was stopped in the parking lot by two officers of the project's security force. The security officers were commissioned and had the arrest powers of Kansas City officers within the project. Adams was

told he was being held for the police department for questioning for a homicide. A police detective had made an oral request to the security force to pick up Adams. Adams was known to the security men, previously having been arrested by one of them for armed robbery. Adams was immediately given a pat down "protective" search in the lot and a gun was discovered stuck down in his belt having been concealed under a sweater and a jacket. The charge against him was carrying a concealed weapon, § 564.610 RSMo.1969. Adam's counsel filed a motion to suppress on the basis the gun was obtained during an invalid warrantless arrest due to lack of probable cause. The motion was denied. At trial when the weapon was introduced by the state, movant's attorney said "no objection." The two guards and the detective testified for the state. Adams presented no evidence. Adams was found guilty by the jury and sentenced to two years to be consecutive to a 15 year sentence on an unrelated robbery charge.

The direct appeal contained the singular assertion of error in overruling his motion to suppress the weapon. In *State v. Adams*, 552 S.W.2d 53 (Mo.App.1977), his conviction was affirmed on the basis of the rule which requires an objection at trial when evidence which was the subject of a motion to suppress is presented. The court said, "the statement of 'no objection' not only violated such rule, but constituted an express waiver of the contention made in the motion to suppress." *Id.* at 53.

This 27.26 action alleges ineffective assistance of counsel in failing to preserve for appeal the issue of admissibility of the weapon. The transcript of the hearing reveals that at that time, May 27, 1983, Adams was still serving the robbery sentence with an expected commutation date in February 1984. The court expressed concern as to whether the 27.26 action was premature to his actually beginning to serve the sentence sought to be vacated. The parties briefed the issue there but made no mention on appeal of this issue. Trial counsel testified at the 27.26 hearing that any reasoning he had behind not objecting at trial

could be "speculative," and was possibly because of trial strategy. The court denied relief. This appeal followed.

The jurisdictional issue must now be addressed. At first blush the language in the rule requiring the prisoner to be in custody for the sentence for which he claims relief, and the cases which say the 27.26 remedy is only available to those who are serving the sentence they seek to challenge, otherwise the trial court lacks jurisdiction to entertain the motion, *Johnson v. State*, 614 S.W.2d 781, 783 (Mo.App.1981), would lead to a conclusion the trial court was without jurisdiction. Reaching such a conclusion would require the movant to start all over in his request for post conviction relief.

First, the problem here is different from the one presented in *Johnson, supra*, where the movant was attacking the judgment of a conviction that has already been served. The cases have held that Rule 27.26 is not the appropriate remedy for a sentence already served, rather one should seek a writ coram nobis. *State v. Quinn*, 594 S.W.2d 599, 603 (Mo. banc 1980); *Noble v. State*, 485 S.W.2d 33, 35 (Mo.1972); *Johnson v. State, supra*. Here the appeal process has run and the prospective sentence is certain.

Secondly, this problem is unlike the one presented in *Lalla v. State*, 463 S.W.2d 797 (Mo.1971), where the defendant was serving a sentence for a federal offense in a federal institution in Indiana, and was denied a 27.26 motion attacking the Missouri sentence which defendant had not yet begun to serve. There the court was concerned with transporting prisoners to and from distant federal penitentiaries for 27.-26 hearings in Missouri.

■ Thirdly, Missouri courts have said that in the context of both Rule 27.26 and federal habeas corpus, "custody" is not limited to actual physical incarceration. A person on parole or probation is deemed to be in custody for purposes of attacking the sentence. *Nicholson v. State*, 524 S.W.2d 106 (Mo. banc 1975); *State v. Gray*, 406 S.W.2d 580 (Mo.1966).

Rule 27.26(a) makes it clear that the rights available by habeas corpus are *not* suspended; the rule merely "prescribes the procedures to be followed." *Wiglesworth v. Wyrick,* 531 S.W.2d 713, 715 (Mo. banc 1976). Any relief available under federal habeas corpus should be available to a Missouri defendant under Rule 27.26 authority. The United States Supreme Court granted federal habeas corpus to a prisoner serving consecutive terms in *Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). There the defendant was sentenced to 30 years on one charge and 20 years on a second charge, to be served consecutively. The defendant sought to attack the second conviction and the federal district court concluded it could not entertain that challenge until the defendant was actually confined for that particular charge.

The *Peyton* court overturned old case law in *McNally v. Hill,* 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), saying it was an "indefensible barrier to prompt adjudication of constitutional claims in federal courts." The defendant was deemed "in custody" for purposes of testing *either* sentence by federal habeas corpus under 28 U.S.C. § 2241.

*Peyton* was followed in *Todd v. Wilson,* 310 F.Supp. 1025 (W.D.Mo.1970), where the petitioner was deemed to have standing to challenge a federal sentence which was to be served consecutively with a 15 year Missouri sentence. *Peyton* was distinguished from the facts in *Lalla, supra,* by saying the defendant in *Peyton* was actually in custody of the state in question for the period of both sentences.

The present facts are similar to *Peyton.* Here the defendant was in prison for a 15 year sentence and sought to attack a two year consecutive sentence. The serving of the second sentence was inevitable. The defendant had exhausted all other post-trial motions and appeals. It makes no sense to make him wait to challenge the second sentence. In fact in the interest of expediting justice, it makes more sense to raise the issue of ineffective assistance of counsel now while the other parties are still available and the facts are still fresh in mind. If the defendant's first sentence had been for 50 instead of 15 years, the delay would be even more egregious. By the same token, whereas here the consecutive sentence is relatively short it is unfair to make the filing of the petition in 27.26 come only after the sentence starts and the relief, if deserved, come when the sentence is close to having been served.

Another reason for letting this type of action proceed is the possible impingement upon the release date of the prisoner on the first charge by the finality of having a determination on the second conviction both by direct appeal and a 27.26 adjudication. This works both ways—a prisoner may get a determination on the consecutive sentence before it starts, but in so doing strict attention should be paid to portions (c) and (d) of Rule 27.26 which mandate the sentencing court shall not have to entertain second or successive applications where a new ground for relief could have been raised on the prior motion. In other words, the prisoner should not by later motion be allowed to raise a new point for the reason that he rushed to present and get final court action on the earlier motion. There should be no relaxation of the letter or the intent of the rule which is to absolutely discourage second or successive motions for post-conviction relief.

It is therefore held that since Rule 27.26 specifically does not limit habeas relief, and since habeas would allow the prompt relief sought here, this motion following direct appeal, though admittedly filed, heard and decided before the consecutive sentence ever started, was not jurisdictionally unfair as premature. In the interest of avoiding delay occasioned by the dismissal of this appeal and processing a new motion or application, this matter will be considered on the merits. *Jones v. State,* 471 S.W.2d 166, 169 (Mo. banc 1971).

Attention is now upon the merits of Adams' petition; Adams here argues the judgment of the trial court was clearly erroneous in denying him relief when it concluded that his trial defense counsel's action was

justified by "trial strategy" and that any objection would have been unmeritorious.

■ The standard for effective assistance of defense counsel is whether the attorney's actions "conform to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances." *Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979). As stated earlier, to preserve for appeal any evidentiary issue raised in a pretrial motion, the evidence must be objected to when it is offered during the trial. *State v. Fields*, 636 S.W.2d 76, 79 (Mo.App.1982). For the purpose of deciding the Rule 27.26 motion, it must be determined if there was justification for abandoning the issue of the admissibility of the pistol.

■ For the concealed weapon charge the state had to prove the accused intentionally carried the weapon in a manner so it was not discernable by ordinary observation. The identification of Adams by the guards was positive. He offered no evidence. If the weapon was not suppressed and allowed into evidence the defendant really didn't have any reason to expect a favorable verdict.

■ Adams' only chance of success would be for a determination on appeal that the weapon was discovered because of an unlawful arrest. That "chance" could never materialize as the issue of the legality of the arrest was expressly waived by the "no objection" at trial.

There could have been no "trial strategy" in letting this evidence in. There was no other issue in this case that counsel might have wished to concentrate upon by waiving the legality of the arrest. In *Jackson v. State*, 537 S.W.2d 211, 214 (Mo.App. 1976) counsel was not deemed ineffective where he abandoned the suppression strategy to get the jury to focus on a viable identification issue.

■ The alternative basis for the trial court's refusal to grant relief was that any objection would have been unavailing and was, therefore, unmeritorious. The trial court observed, "[b]ecause counsel's motion to suppress State's Exhibit No. 1 was duly considered and overruled by the Court, counsel's objection at the trial would have been unmeritorious." However, the issue is not whether it would have been futile to make the objection to the same judge who had only recently denied the motion to suppress. The procedure, requiring objections when evidence actually is admitted, is to allow the court the opportunity to reconsider previous motions before the evidence actually goes to the jury. *Fields*, 636 S.W.2d at 79. The test of merit is not whether the judge would have reversed his earlier ruling but rather whether, in the light of case law, the objection was a valid one as considered on appeal. Inquiry, however, is limited to the question of whether the matter sets forth a meritorious defense, rather than to determine the merits of the case.

■ An assessment of the meritorious nature of the motion to suppress the pistol seized when Adams was arrested must be based on the facts which led up to his arrest. Armond Cummings was killed on January 24, 1975. Detective Sylvester Young of the Kansas City Police Department was assigned to the investigation of Cummings' death. In the course of his investigation, Detective Young learned, from his "fairly good connections at both [housing] projects," that Cummings had exchanged drugs for property stolen by Adams. Consequently, according to Young, Adams' "name came up as a person [Young] wanted to talk with. He wasn't exactly a suspect at that time, but how we classify more or less as a tentative [suspect] ... he [Adams] might have something negative or positive that could help us in the investigation of the homicide."

A recent case from the Sixth Circuit Court of Appeals is based on similar facts. *United States v. Hensley*, 713 F.2d 220 (6th Cir.1983). Hensley was implicated in the robbery of a tavern in St. Bernard, Ohio, on December 4, 1981. The police in St. Bernard issued a flyer indicating that Hensley was "wanted for investigation

only for aggravated robbery." At least six days after the robbery, police across the Ohio River, in Covington, Kentucky, stopped Hensley while driving and discovered three firearms in his car. The court of appeals noted that the police-citizen contact in that case "constituted a Fourth Amendment event." If it were characterized as an arrest, it was unauthorized because the Covington Police did not have probable cause to arrest based on the "for investigation only" flyer. Discussed in the case was the question of whether the St. Bernard Police actually had sufficient facts to establish probable cause and whether such knowledge could be imputed to the Covington Police. The court there found it could not be imputed, and it need not be considered here because Detective Young's testimony indicated that there was no probable cause to arrest Adams for the homicide of Cummings or for any other offense. The court of appeals also analyzed the police contact with Hensley as a "stop and frisk" situation similar to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The court concluded the authority of police to forcibly detain an individual, under *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) was limited to "settings involving the investigation of *ongoing crimes*."

Thus, an objection in the present case to the admission of the pistol as the unlawful fruit of an illegal arrest would have had merit.

The basis for the relief sought by Adams in the motion to suppress has long been recognized by the courts of this state. "An arrest not on a legal charge but for investigation, simply to afford the police officers time and opportunity to investigate and amass facts sufficient to constitute probable cause, is not lawful." *State v. Hicks*, 515 S.W.2d 518, 522 (Mo.1974). *See also State v. Cuezze*, 249 S.W.2d 373, 376 (Mo. 1952); *State v. Howell*, 543 S.W.2d 836, 840 (Mo.App.1976).

The viable issue here is whether the guards were authorized to forcibly detain

and search him as they did. *United States v. Coates*, 495 F.2d 160, 165 (D.C.Cir.1974).

This case ought not to be reversed due to counsel's ineffectiveness "unless there is a reasonable possibility that competent counsel could have obtained a different result." *Love v. State*, 670 S.W.2d 499 (Mo. banc 1984). The successful exclusion of the pistol could have made the difference between conviction and acquittal. There is a reasonable possibility that competent counsel could have obtained a different result by pursuing on appeal the suppression of the fruit of an infirm arrest, a point not without merit.

The trial court's judgment was clearly erroneous. Rule 27.26(j). The issue of the inadmissibility of the pistol was a meritorious one. Further, that issue was the only issue in the case and its abandonment by trial defense counsel cannot be justified as trial strategy. The judgment of the circuit court is reversed and the cause remanded to allow for movant's requested relief in vacating his sentence.

BERREY, J., concurs.

MANFORD, J., dubitante.