**Larry HAYMAN, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 52247.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 28, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 27, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. In that motion he sought to vacate his conviction for carrying a concealed weapon in violation of § 571.115, RSMo 1986, for which he was sentenced to six years' imprisonment as a persistent offender. We affirm.

On April 13, 1981, a Pagedale police officer observed a vehicle being driven erratically. He followed and subsequently stopped the vehicle. As the vehicle was stopping the officer observed movant, who was a passenger in the vehicle, bend forward as if he was putting something under

the front seat. The officer arrested the driver for driving with a suspended license. The driver requested that movant be given custody of the vehicle. When a backup officer arrived he was informed of movant's suspicious action. Because of driver's request the officers approached movant and asked for his license. A check revealed two outstanding bench warrants for traffic violations. Movant was arrested on those warrants. A search of the vehicle revealed a gun under the passenger side of the front seat.

Movant asserts his trial counsel was ineffective in two respects; choosing to cross-examine a State's witness, and not objecting at trial to the admission of the weapon movant was charged with concealing. As both these acts were the result of trial strategy, movant's ineffective assistance of counsel claim must fail. *Porter v. State,* 682 S.W.2d 16, 19 [3] (Mo.App.1984).

■ In support of his first claim movant relies upon the unpublished memorandum accompanying our order decision in movant's direct appeal. *State v. Hayman,* 671 S.W.2d 336 (Mo.App.1984). In that memorandum opinion we indicated that when only the direct examinations of the State's witnesses is considered, "the State clearly failed to make a submissible case." However, we went on to find a submissible case was made when cross-examination of those witnesses was also considered. On direct examination the first witness, testified that he observed movant, make a bending motion while in the vehicle. The officer then demonstrated the motion for the jury. He also testified he told the second officer that movant "made a suspicious move." On cross-examination movant's trial attorney read from the police report that movant was observed "bending over and [it] appeared he was placing something under the front seat."

Even if, as movant contends, the State would have failed to make a submissible case had his trial attorney done nothing, the cross-examination of the witnesses was not ineffective assistance of counsel. We must view the actions of movant's trial counsel at that time and not with the bene-

fit of hindsight. *Porter,* 682 S.W.2d at 19. In weighing whether to cross-examine the State's first witness, movant's trial counsel could not know the State would also fail to elicit damaging testimony about movant's actions from the second witness. Faced with the decision, counsel chose to try and impeach the officer's testimony. The decision to cross-examine the witness is one of trial strategy, that we do not judge with the benefit of hindsight. *Neal v. State,* 703 S.W.2d 570, 572 [3] (Mo.App. 1986).

■ Movant's second claim is his trial counsel was ineffective in not objecting to the admission into evidence of the weapon he was charged with concealing. The weapon was the subject of a motion to suppress. The motion was denied and movant's trial counsel "thought that the Court had already ruled on that point, by the way it ruled on our motion to suppress." Movant asserts that the failure to object to the admission of the weapon cannot be justified as trial strategy. *Adams v. State,* 677 S.W.2d 408, 412 [7] (Mo.App.1984). Movant's reliance on *Adams* is misplaced. In *Adams* the only defense Adams had was that of illegal arrest. Here movant's trial counsel made a strong attempt at impeaching the State's witnesses; the case did not rest upon a finding the seizure of the gun was illegal. More importantly, in *Adams* the court found an objection to the arrest would have had merit. *Id.* at 413 [10]. To succeed in a Rule 27.26 motion movant must show a reasonable probability that the result would have been different if his trial counsel had acted differently. *Id.* at 413 [11]; *Patterson v. State,* 625 S.W.2d 178 (Mo.App.1981). Movant has failed to show that the search of the car, the seizure of the weapon, or his arrest was illegal. *State v. Venezia,* 515 S.W.2d 492, 493 [1] (Mo.banc 1974); *State v. Shearin,* 622 S.W.2d 10, 12 [3] (Mo.App.1981).

In reviewing the denial of a Rule 27.26 motion, we reverse only if the 27.26 trial court's findings of fact and conclusions of law are clearly erroneous. Rule 27.26(j); *Laws v. State,* 708 S.W.2d 182, 185 [2]

(Mo.App.1986). They were not clearly erroneous in this case. Judgment affirmed.

SATZ, C.J., and KELLY, J., concur.