**David G. BONNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40322.**

Missouri Court of Appeals,
Western District.

Nov. 29, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 31, 1989.

Application to Transfer Denied
March 14, 1989.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and CLARK and NUGENT, JJ.

CLARK, Judge.

David G. Bonner was convicted by a jury of three counts of stealing in excess of $150.00 and he was sentenced to concurrent fifteen year sentences. The convictions were affirmed on appeal. *State v. Bonner*, 692 S.W.2d 1 (Mo.App.1985). He filed a motion for post-conviction relief under Rule 27.26, a hearing was held and the motion was denied. This appeal followed. We reverse.

The thefts in question were of lengths of copper telephone wire allegedly taken from the Illinois Central Gulf Railroad in the vicinity of Higbee, Missouri. Two witnesses, Melvin Ballenger and Larry Skinner, testified for the state. They said they had accompanied Bonner and participated in the thefts, Ballenger on all three occasions and Skinner on the last. It was immediately after the third instance that Bonner, Skinner and Ballenger had been stopped by sheriff's deputies and arrested. Copper wire found in Bonner's pickup truck was introduced in evidence as the product of the third theft.

Appellant presented several claims of ineffective assistance of counsel at trial. Three will be discussed and will suffice to

indicate that appellant's trial attorney did not represent appellant with the level of skill and care demonstrated by a reasonably competent attorney under the same or similar circumstances.

## THE SEARCH AND SEIZURE CLAIM

The copper wire and some climbing hooks introduced in evidence at trial were seized from a pickup truck owned by Bonner under the following circumstances. On the date in question, deputy sheriff Wolverton received a telephone message concerning "a problem" in the area east of Higbee. Wolverton and deputy Cleaton set out to investigate and overtook the pickup truck being driven by Bonner. The red lights on the police vehicle were activated and Bonner's truck was stopped.

While Wolverton obtained identification from Bonner and his driver's license, Cleaton moved to the back of the truck and looked in the truck bed. He saw a tarpaulin with a spare tire on it. Bonner was asked what was under the tarpaulin and he responded that it was merely there to use as a cover when he hauled feed. Suspecting that something might be hidden under the tarp, Wolverton laid it back and discovered the wire and two climbing hooks.

Bonner's attorney filed no motion to suppress the evidence consisting of the wire and hooks and made no objection at trial when the articles were offered in evidence by the state. Bonner contends that his attorney was thereby ineffective by failing to challenge the evidence on grounds of an unlawful search and seizure.

A search conducted without a warrant is unreasonable under the Fourth Amendment unless permitted because of specifically established and well-delineated exceptions. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). Searches of automobiles, because of their mobility, constitute an exception to the prohibition against warrantless searches. To qualify under the exception, however, the vehicle must have been lawfully stopped and there must have been probable cause to believe there was particular contraband or evidence concealed in the vehicle. *State v. Barks,* 711 S.W.2d 892, 899 (Mo.App.1986). Probable cause exists when the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient to warrant a man of reasonable caution to believe an offense has been committed. *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949).

On the evidence described above, the trial judge at the hearing on Bonner's Rule 27.26 motion found there was not "the slightest probability" that a motion to suppress the evidence consisting of the wire and climbing hooks would have prevailed. He therefore denied the point of ineffective assistance because counsel will not be deemed ineffective for failing to raise a meritless claim.

It is not necessary for purposes of this appeal to decide whether the suppression motion should, if filed, have been granted. The issue here is whether a reasonably competent attorney under the same or similar circumstances would have filed the motion and would have objected to the introduction of the evidence and that the conduct by Bonner's attorney fell below an objective standard of reasonableness.

The testimony as to the interception of Bonner's truck by the sheriff's deputies failed to demonstrate any cause for the vehicle to have been stopped. No facts were presented to show any suspicious conduct on the part of Bonner and his companions or any traffic offenses. Moreover, the deputies were not shown to have had any information that any criminal activity was afoot. They only knew, as a result of a communication from an undisclosed source, that there was some "problem" in the vicinity of Higbee. No evidence even established that the officers had been told of a theft of copper wire and therefore the presence of the wire in Bonner's truck was not itself a suspicious circumstance. The wire, of course, was not in open view and it was discovered only upon the warrantless search of the truck.

This case is similar to *Adams v. State*, 677 S.W.2d 408 (Mo.App.1984), in which counsel failed to object to the introduction of evidence seized from the defendant after an unlawful arrest. Here, as there, no conceivable trial strategy could have prompted counsel to waive the potential advantage of denying to the state the use of the incriminating evidence. No reasonably competent attorney would have failed to make the objection in the circumstances described.

The state tacitly acknowledges that the deputies had no lawful cause to stop Bonner's truck or, having done so, to conduct a warrantless search. They seek to justify the use of the evidence so obtained under the inevitable discovery doctrine. Citing *State v. Butler*, 676 S.W.2d 809, 812–13 (Mo. banc 1984), among other cases, they refer to the right of the police to conduct an inventory search of impounded vehicles and contend that the search so made at a later date would inevitably have resulted in discovery of the wire.

In the first place, the issue here is not whether a trial court would have erred in overruling an objection to admission in evidence of the wire and climbing hooks, but whether a reasonably competent attorney should have raised the objection and whether Bonner's cause was prejudiced by the failure of his attorney to make the objection. At a minimum, the facts in evidence at trial demonstrate there was arguable merit to a motion seeking exclusion of the evidence. Despite this, however, the inevitable discovery doctrine has no application in this case because Bonner's truck was not lawfully stopped. Therefore, no basis existed to impound the truck and no inventory search would have been conducted.

We conclude the trial court erred when it found Bonner's attorney not to have been ineffective in failing to move to suppress and in failing to object to introduction in evidence of the copper wire and climbing hooks.

## THE IMPEACHMENT OF STATE'S WITNESS BALLENGER

█ The principal witness against Bonner was Melvin Ballenger who testified he had been with Bonner on October 19, October 28–29 and November 3 and had participated with him in the thefts of the wire. In response to questions by the state, Ballenger denied he had ever been charged with or convicted of stealing and denied he had been convicted of a felony. As the evidence at the Rule 27.26 hearing established, however, this testimony was false. Some two months before he gave evidence in Bonner's case, Ballenger had pleaded guilty in Knox County to stealing wire from Southwestern Bell Telephone Company.

At the Rule 27.26 hearing, Bonner testified and his trial attorney confirmed that Bonner had told his attorney before the trial that Ballenger had a prior conviction for stealing. Despite this knowledge, the attorney conducted no discovery to obtain documentation of Ballenger's record and he was thus unprepared to and did not at trial impeach Ballenger's denial of his prior conviction record. The jury therefore had no evidence of that record upon which to judge Ballenger's credibility.

On the authorities previously cited, Bonner's attorney rendered ineffective assistance when he ignored the opportunity to expose the false testimony given by state's witness Ballenger and thereby forfeited the argument in Bonner's favor that Ballenger was not a credible witness because he was a convicted felon.

## FAILURE OF PROOF OF OWNERSHIP OF THE CONTRABAND

█ The copper wire allegedly stolen from the railroad was, as noted earlier, received in evidence without any objection by the defense. Bonner notes, however, that the wire was never identified as property of the Illinois Central Gulf Railroad and arguably, this lack of proof of ownership was sufficient cause, if properly raised, to have excluded the wire from admission in evidence.

Witnesses Alan McMellan and Kerry Klasing, technicians employed by the railroad, testified that the wire offered in evidence was of the same type Illinois Central

uses, but there was no way they could tell the wire in the exhibit was the wire which had been stolen. Witness John Parker, supervisor of equipment maintenance and communication for the railroad was asked if he could tell that the exhibit was the railroad's wire. His answer was "As far as I'm concerned I couldn't say that's my wire."

Because appellant's attorney made no objection to the introduction of the wire in evidence, the trial court had no opportunity to rule on the identification issue. Of equal importance, the appellant was also denied an opportunity to argue the issue on appeal, there having been no allegation as to the point in the motion for new trial. It cannot be disputed that the exhibition of the wire to the jury was a significant element of the state's case which included no other physical evidence linking Bonner to the thefts. Without the wire, a conviction depended entirely on the testimony of convicted felons Ballenger and Skinner, each of whom was granted probation in exchange for his testimony against Bonner.

When considered in conjunction with each other, the three points discussed above are sufficient to support the conclusion that appellant's trial attorney failed to perform services for the defense within a reasonable standard of competence. Bonner was prejudiced by his attorney's performance because opportunities to present evidence favorable to the defense and to exclude damaging evidence were neglected. In none of the instances noted could the omissions by defense counsel be conceivably deemed choices based on trial strategy. The findings and conclusions by the trial court on appellant's motion were clearly erroneous.

The judgment is reversed and the cause is remanded with directions that appellant be granted a new trial.

All concur.