Robert Ladell WALTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41718.

Missouri Court of Appeals,
Western District.

Dec. 12, 1989.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and CLARK and FENNER, JJ.

NUGENT, Chief Judge.

A jury convicted Robert Ladell Walton (hereinafter "defendant") of burglary and stealing, and we affirmed that conviction.[1] He now appeals from the trial court's deni-al of his motion for Rule 29.15 post-convic-tion relief. He contends that the trial court erred in denying him relief on his claim that he did not receive effective assistance of counsel at trial in that his trial counsel failed to move to suppress statements he made at the time of his arrest. We affirm.

When Bobby and Deborah Harrison and their son Brett returned home from a Colo-rado ski trip they found the defendant hid-ing in a closet and held him at gunpoint until the police arrived and arrested him and began to lead him away.

At that point, the Harrisons asked the defendant about their missing things. He led them to a sack hidden in the basement that he had filled with items he had taken. Brett Harrison asked about the cash miss-ing from his room, and the defendant mo-tioned to his billfold, which Brett then re-moved from the defendant's pocket and in which he found $172. At trial, the younger Harrison testified that the cash missing from his room totalled $172.

Defendant Walton says that he met with Mr. L.R. Magee, his trial lawyer, only once for approximately twenty-five minutes four days before trial, but Mr. Magee testified that he and his client had several short meetings before trial.

We have previously addressed Mr. Wal-ton's direct appeal. Here, we address only his appeal from the trial court's denial of his Rule 29.15 motion for post-conviction relief.

Mr. Walton maintains that the court should not have admitted evidence of his guiding the Harrisons and the arresting officer to the loot hidden in the Harrison basement and the evidence of his denial of ownership of the cash Brett Harrison found in his pocket, because those utter-ances and actions occurred before the ar-resting officer advised him of his constitu-tional rights to remain silent and to coun-sel. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He ar-gues that Mr. Magee's failure to move to

---

1. *State v. Walton,* No. 37,628, in which we sus-pended the appeal pursuant to Rule 29.15 on

July 7, 1988, filed today.

suppress use of that evidence by the state denied him his constitutional right to effective counsel.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In *Strickland,* the Court established a two-prong test to determine whether ineffectiveness of counsel exists. First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness" in light of "prevailing professional norms." *Id.* 466 U.S. at 688, 104 S.Ct. at 2065. Second, he must show that counsel's deficiency caused him prejudice. *Id.* at 687, 104 S.Ct. at 2064.

Missouri has adopted that test. In *Sanders v. State,* 738 S.W.2d 856 (Mo.1987) (en banc), the court held that to prevail on a claim of ineffective assistance of counsel a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances and that the attorney's failure prejudiced the defendant. *Id.* at 857.

If a defendant fails to satisfy either prong of the *Strickland* test, his claim of ineffectiveness of counsel fails. We address the second prong of the test first, and, because Mr. Walton has failed to satisfy that requirement, we hold that his entire claim fails.

*Miranda v. Arizona* "does not apply to statements made to non-police personnel under circumstances not amounting to custodial interrogation by police officers." *State v. Stevens,* 467 S.W.2d 10, 20–21 (Mo.1971), *cert. denied,* 404 U.S. 994, 92 S.Ct. 531, 30 L.Ed.2d 546.

The arresting officer did not interrogate Mr. Walton, nor did Mr. Walton direct his statements to the officer. Instead, the evidence shows that Mr. Walton voluntarily responded to inquiries made by the Harrisons.

Of course, had the defendant made such statements to the arresting officer in response to the officer's questions, failure to move to suppress those statements would constitute ineffectiveness on the part of defense counsel. Mr. Walton relies primarily on cases involving such circumstances. In *Bonner v. State,* 765 S.W.2d 286 (Mo. App.1988), for example, this court reversed the conviction of a defendant whose truck the police had searched without probable cause and without a warrant. In *Bonner,* the police acted illegally, but in the instant case the defendant voluntarily responded to the inquiries not of the police, but of third-parties. Therefore, the court correctly allowed the introduction in evidence of the defendant's responses and could properly have denied a motion by defense counsel to suppress them.

Consequently, Mr. Walton suffered no prejudice by reason of trial counsel's failure to move to suppress that evidence. Thus, his claim of ineffectiveness of counsel fails.

Accordingly, we affirm the trial court's denial of Mr. Walton's Rule 29.15 motion.

All concur.